## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter R. Wright,<br><br>    Plaintiff,<br><br>v.<br><br>Judge Frank Magill and Hennepin County 4th District Court,<br><br>    Defendants. | Case No. 18-cv-1815 (JRT/SER)<br><br>**REPORT AND RECOMMENDATION** |

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Plaintiff Peter R. Wright's ("Wright") Notice of Motion for Default Judgment ("Motion for Default Judgment") [Doc. No. 10]. This matter was referred pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1. (Order of Reference) [Doc. No. 11]. For the reasons stated below, the Court recommends denying the Motion for Default Judgment without prejudice.

**I.   BACKGROUND**

Wright initiated this lawsuit in June 2018, alleging that Defendants Judge Frank Magill ("Judge Magill") and the Hennepin County Fourth District Court Administrative Officials (the "Fourth Judicial District") participated in a fraud upon the court, denied him equal protection of the law, engaged in a conspiracy to deprive him of his constitutional rights, deprived him of his constitutional rights under color of state law, violated his rights under the First, Fifth, Eighth, Ninth, and Fourteenth Amendments, and violated the Fair Debt Collection Practices Act. (Civil Compl.) [Doc. No. 1 at 2]. Wright makes several other claims against Judge Magill. (*Id.* at 2–3).

Wright served Judge Magill by mail and Kathryn Iverson Landrum ("Landrum"), an attorney at the Minnesota Attorney General's Office, executed a waiver of service on Judge Magill's behalf. [Doc. Nos. 7, 9]. There is no corresponding executed waiver of service on behalf of the Fourth Judicial District, which Wright also attempted to serve by mail. *See* (Notice of Proof of Service by Mail) [Doc. No. 3]. Nonetheless, Landrum entered an appearance on behalf of both Defendants and advised Wright she represents them both. (Notice of Appearance of Kathryn Iverson Landrum) [Doc. No. 6]; (Acknowledgment of Service) [Doc. No. 9 at 3].[1] Wright now moves for default judgment, arguing the Fourth Judicial District has not responded to the complaint within the required twenty days. (Mot. for Default J.).

## II.   DISCUSSION

### A.   Legal Standard

At a party's request, a court may enter default judgment against a party who "'has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure].'" *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003) (quoting Fed. R. Civ. P. 55(a));[2] *see also* Fed. R. Civ. P. 55(b). An "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). Default judgment is "only appropriate where there has been a clear record of delay or contumacious conduct." *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988) (internal quotation marks omitted). "[E]ntry of default judgment should be a rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotation marks omitted).

---

[1]   The full title of this document is Notice and Acknowledgement of Civil Summons and Civil Complaint Demand for Common Law Jury Trial Service by Mail.

[2]   Rule 55(a) currently states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

**B.      Analysis**

The record demonstrates that entry of default has not been entered as to any defendant. *See* Fed. R. Civ. P. 55(a). Therefore, default judgment is not appropriate. *See Johnson*, 140 F.3d at 783. Even if the Court were to construe Wright's motion as one for entry of default under Rule 55(a), however, the motion must be denied. Because a waiver of service is filed with respect to Judge Magill, Judge Magill's answer is not due until sixty days after the request was sent. *See* Fed. R. Civ. P. 4(d)(3). Wright sent the waiver request on June 28, 2018, so Judge Magill's answer is not due until August 27, 2018. *See* (Notice of Proof of Service by Mail). Thus, Judge Magill has not failed to plead or defend himself in this action because the time for him to do so has not expired. Additionally, the record reflects Landrum represents both Defendants, has noticed an appearance on behalf of both Defendants, and intends to move the Court to dismiss the Complaint against both Defendants. Although there is no waiver of service on file for the Fourth Judicial District, Landrum's representation and intention to file a motion to dismiss demonstrates that the Fourth Judicial District has not failed to plead or defend itself at this point. If Wright believes that any forthcoming answer from Defendants is untimely, he may challenge those answers or motions when they are filed. But based on the record before the Court, neither an entry of default or default judgment is appropriate.

**III.    RECOMMENDATION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Peter R. Wright's Notice of Motion for Default Judgment [Doc. No. 10] be **DENIED**.

Dated: July 25, 2018

                                            *s/Steven E. Rau*
                                            STEVEN E. RAU
                                            United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

4