UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Peter R. Wright, | Case No. 18-cv-1815 (JRT/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Judge Frank Magill and Hennepin County 4th District Court, | |
| Defendants. | |

Peter R. Wright, *pro se*; and

Kathryn Iverson Landrum, Minnesota Attorney General's Office, for Defendants.

This matter is before the Court on Defendants' Motion to Dismiss, (ECF No. 13), as well as several motions filed by Plaintiff Peter Wright in response, (ECF Nos. 24, 25, 28, 32, 33). These motions have been referred for report and recommendation to the Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). (ECF No. 20). This Court recommends Defendants' motion be granted, Wright's motions be denied, and this matter be dismissed with prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Wright filed a civil complaint in Minnesota's Fourth Judicial District on May 25, 2017. (Compl., at 4, ECF No. 1). Wright brought suit *pro se*, alleging his brother and a

credit union committed fraud in connection with the sale of a car. (Compl., at 4); Order Granting Summ. J., Case No. 27-cv-17-7938 (Minn. Fourth Jud. Dist. June 13, 2018) [*provided via* Aff. of Kathryn Iverson Landrum, Ex. A, ECF No. 17].[1] Judge Magill granted summary judgment to the defendants. (Compl., at 5).

Sixteen days later, Wright filed this case. Wright claims Judge Magill committed various legal maladies in granting summary judgment, including denying Wright equal protection of the law in violation of 18 U.S.C. § 241, 18 U.S.C. § 242, the First, Fifth, Eighth, Ninth, and Fourteenth Amendments, and the Fair Debt Collection Practices Act. (Compl., at 2, 6). Wright also alleges Judge Magill was negligent, engaged in biased judicial conduct, committed an act of sabotage, and failed to register as an agent of a foreign government. (Compl., at 2, 6). Wright claims Judge Magill failed to comply with the Code of Judicial Conduct for United States Courts and Judges. (Compl., at 3). Wright requests $100 million in damages, that Judge Magill be prohibited from serving as a Minnesota state judge and his law license be revoked, Judge Magill personally pay Wright $50 million, and that Judge Magill be required to register as a foreign agent. (Compl., at 8).

---

[1] "In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is 'not precluded in its review of the complaint from taking notice of items in the public record.'" *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986)).

2

## II. ANALYSIS

### A. Legal Standard

"Federal courts are courts of limited jurisdiction and the 'threshold requirement in every federal case is jurisdiction.'" *Barclay Square Prop. v. Midwest Fed. Sav. and Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (quoting *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). Federal courts must dismiss a claim if it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(h)(3), 12(b)(1). When considering a facial attack on jurisdiction in a Rule 12(b)(1) motion, the court "merely needs to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (quotation omitted). Under such an analysis, the court restricts itself to the pleadings and the non-moving party is afforded the same protections as those provided by a Rule 12(b)(6) motion. *Id.*

In deciding a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations and then determines "whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must draw reasonable inferences in the plaintiff's favor. *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sletten & Brettin Orthodontics v. Cont'l Cas. Co.*, 782 F.3d 931, 934 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)); *accord Zink*, 783 F.3d at 1098. Facial plausibility of a claim exists "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Although a sufficient complaint need not be detailed, it must contain "[f]actual allegations . . . enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *see id.* ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion of a legally cognizable right of action.") (quotations and citation omitted). Additionally, complaints are insufficient if they contain "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In assessing a *pro se* complaint, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation and citation omitted); *accord Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to *pro se* complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of such complaints, the *pro se* plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d 912, 914 (8th Cir. 2004)). Thus, *pro se* litigants "must set a claim forth in a manner which,

taking the pleaded facts as true, states a claim as a matter of law." *Stringer*, 446 F.3d at 802 (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

### B.  Judge Magill is Immune from Suit

"The immunity of a judge for acts within his jurisdiction has roots extending to the earliest days of the common law." *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20 (1976). "A judge is entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). Thus, "a judge is immune from liability for damages if he had jurisdiction over the subject matter and if he acted in his judicial capacity." *Billingsley v. Kyser* 691 F.2d 388, 389 (8th Cir. 1982) (per curiam).

Here, Wright brought civil suit in state court and Judge Magill ruled on the summary judgment motion presented. Even in the light most favorable to Wright, as the plaintiff in the state action, he cannot credibly claim Judge Magill lacked jurisdiction over the suit he himself initiated. Indeed, "Minnesota's district courts are courts of general jurisdiction that . . . have the power to hear all types of civil and criminal cases." *State of Minnesota v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015); Minn. Stat. § 484.01, subd. 1. Thus, Judge Magill, sitting as a Minnesota state judge, had jurisdiction over the civil lawsuit initiated by Wright in Minnesota state court.

Nor can Wright credibly allege Judge Magill acted outside his authority in ruling on summary judgment. As the Supreme Court has stated, the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just,

speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Minnesota courts have adopted this reasoning. *Dixon v. Depositors Ins. Co.*, 619 N.W.2d 752, 757 (Minn. Ct. App. 2000). Judge Magill acted in his judicial capacity in ruling upon the summary judgment motion.

Judge Magill had authority over Wright's state lawsuit and acted in his capacity as a state judge. This entitles Judge Magill to judicial immunity, shielding him absolutely from Wright's claims. *Mireles*, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages").

### C. No Jurisdiction for Claims against the State Court

To the extent judicial immunity does not cover the Fourth Judicial District where Judge Magill presides to the same extent as it covers Judge Magill himself, the Eleventh Amendment bars Wright's claims. Suit against a state or its agencies is barred by the Eleventh Amendment absent Minnesota's consent to filing of such a suit. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). Minnesota has not waived sovereign immunity. *DeGidio v. Perpich*, 612 F. Supp. 1383, 1388–89 (D. Minn. 1985). A federal court lacks jurisdiction over claims barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). Accordingly, Wright's claims against the Fourth Judicial District, a governmental entity of the State of Minnesota, must be dismissed as they are barred by the Eleventh Amendment.

While Wright alleges numerous grounds for federal jurisdiction, including 18 U.S.C. § 241, 18 U.S.C. § 242, the First, Fifth, Eighth, Ninth, and Fourteenth Amendments, and the Fair Debt Collection Practices Act, a federal court "does not obtain

6

subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)). Here, all of Wright's claims are barred on immunity grounds, depriving the Court of jurisdiction and the alleged grounds for relief do not save Wright's complaint.

Finally, it is worth noting that "[f]ederal courts, with the exception of the United States Supreme Court, do not possess appellate jurisdiction over state court proceedings." *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990) (citations omitted). Wright's suit, at its core, is a challenge to Judge Magill's decision granting summary judgment. If Wright is dissatisfied with the process or outcome of his civil proceeding, his recourse was through the Minnesota appellate courts, not an ancillary lawsuit in federal district court.[2]

### D. Wright's Responsive Motions Lack Merit

Wright claims that any judge who is a member of a state bar association is a foreign agent subject to criminal prosecution. (ECF No. 22). Wright asserts he does not

---

[2] Defendants also argue that the Court could enlist the *Younger* abstention doctrine. "*Younger* directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996) (citing *Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423. 432 (1982)). While there was, in the academic sense, an ongoing state judicial proceeding because Wright filed this federal suit before his appeal right had expired in state court, that time has since passed and there is no indication whatsoever that Wright appealed Judge Magill's decision. In fact, Wright's filings show a complete rejection of the state court system—and the federal system to some extent—such that any state court appeal was well foreclosed. Thus, this Court sees no need to abstain, particularly where the claims presented are patently meritless and barred on immunity grounds. *See Welch v. Bd. of Educ. of Baltimore Cty.*, 477 F. Supp. 959, 961 n.3 (D. Md. 1979) (declining to address abstention where case is disposed of on the merits).

consent to having a magistrate preside over his case. (ECF No. 22, at 7). Likewise, Wright requests an evidentiary hearing concerning alleged fraud on the court perpetrated by Defendants' counsel and the court itself. (ECF No. 24, at 9; ECF No. 25, at 5).

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Judges are presumed to be impartial and, therefore, parties seeking recusal bear "the substantial burden of proving otherwise." *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quotation omitted). Moreover, "[d]isqualification for lack of impartiality must have a reasonable basis." *In re Kansas Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1359 (8th Cir. 1996) (quoting S. Rep. No. 93-419, at 5 (1973)). "Decisions on recusal or disqualification motions are committed to the district court's sound discretion." *Larson v. United States*, 835 F.2d 169, 172 (8th Cir. 1987).

Wright does not reasonably question the impartiality of the undersigned. Rather, his arguments are based on a fundamental misunderstanding of the laws governing this nation. Wright asserts—both against Judge Magill and the undersigned—that membership in a state bar makes a judge beholden to other entities and runs afoul of constitutional obligations. Wright's assertion is meritless and he has failed to provide any support whatsoever for his allegations.

Wright repeatedly demands an evidentiary hearing and fulsome findings of fact before ruling on Defendants' motion. (ECF No. 28, at 9; ECF No. 32, at 9; ECF No. 33, at 9). There are no factual findings in connection with Defendants' motion to dismiss because it is based upon Wright's complaint as submitted. As discussed above, even

when reading Wright's complaint in the light most favorable to him, the allegations lack legal or factual merit. No exploration of its factual underpinnings is necessary beyond the facts Wright himself alleges.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** as follows:

1. Defendants' Motion to Dismiss, (ECF No. 13), be **GRANTED**.

2. Wright's Notice of Motion [for] Recusal of U.S. District Court Magistrates, (ECF No. 22), be **DENIED**.

3. Wright's Notice of Motion to Deny Defendants['] Motion For Dismissal and Summary Judgment Pursuant To Failure To Register Foreign Registration Act of 1938 [and] Request For Evidentiary-Hearing, (ECF No. 24), be **DENIED**.

4. Wright's Notice of Motion to Deny Defendants['] Motion For Dismissal and Summary Judgment Pursuant To Failure To Register Foreign Registration Act of 1938 [and] Request For Evidentiary-Hearing, (ECF No. 25), be **DENIED**.

5. Wright's Motion to Rebut Defendant[s'] Motion for Dismissal for Lack of Subject Matter Jurisdiction, (ECF No. 28), be **DENIED**.

6. Wright's Motion to Rebut Defendant[s'] Motion for Dismissal for Lack of Subject Matter Jurisdiction, (ECF No. 32), be **DENIED**.

7. Wright's Motion to Rebut Defendant[s'] Motion for Dismissal for Lack of Subject Matter Jurisdiction, (ECF No. 33), be **DENIED**.

8. This matter be **DISMISSED WITH PREJUDICE**.

Date: January 7, 2019                             *s/ Steven E. Rau*
                                                  Steven E. Rau
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Wright v. Magill, et al.*
                                                  Case No. 18-cv-1815 (JRT/SER)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgement of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).